## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**HEIDI REED,**

        **Plaintiff,**

v.    Case No: 6:21-cv-1276-PGB-RMN

**COMPLETE CREDIT SOLUTIONS, INC.,**

        **Defendant.**
_____/

## ORDER

This cause comes before the Court on Defendant Complete Credit Solutions, Inc.'s ("**Defendant**") Motion to Strike and Preclude. (Doc. 52 (the "**Motion to Strike**")). Plaintiff Heidi Reed ("**Plaintiff**") filed a Response in Opposition (Doc. 53), and upon due consideration, Defendant's Motion is granted.

### I.     PROCEDURAL HISTORY

This suit involves alleged violations of the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. § 1692 *et seq.* (*See generally* Doc. 1).

Plaintiff instituted this action on August 9, 2021. (*Id.*). The litigation proceeded in its typical course, and fact discovery concluded on January 30, 2023. (Doc. 40). Shortly thereafter, on the date of the deadline to file dispositive motions, both Plaintiff and Defendant filed dueling motions for summary judgment. (Docs. 46, 47). Subsequently, Plaintiff and Defendant responded in opposition to the respective motion for summary judgment. (Docs. 48, 49). Then, on March 8, 2023,

Defendant replied to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. (Doc. 51).

On the same aforementioned date, Defendant filed the instant Motion, requesting the Court strike certain documents from the record that were not produced in discovery but relied upon by Plaintiff in support of her Motion for Summary Judgment. (Doc. 52). Defendant responded in opposition (Doc. 53), and the matter is now ripe for review.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26, in relevant part, provides that "a party must, without awaiting a discovery request, provide to the other parties . . . cop[ies] . . . of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a). Absent exception, "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference . . . ." FED. R. CIV. P. 26(a)(1)(c). Additionally, Rule 26(e) requires a party to "supplement or correct its disclosure[s] or response[s] . . . in a timely manner if the party learns that in some material respect [either] is incomplete or incorrect . . . ." FED. R. CIV. P. 26(e).

In turn, Federal Rule of Civil Procedure 37(c)(1) states "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

2

FED. R. CIV. P. 37(c)(1). Generally, if violations of Rule 26(a) or (e) have occurred, courts will preclude the violating party from relying on the untimely disclosed information absent a showing of substantial justification or harmlessness. *Id.*

"In determining whether the failure to disclose was justified or harmless, we consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009)[1] (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008)). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

## III. DISCUSSION

Pursuant to Rule 37(c), Defendant contends that Plaintiff should be precluded from relying on various documents in support of her motion for summary judgment that were not produced in discovery.[2] (Doc. 52). Accordingly, Defendant requests such documents be struck from the record. (*Id.*). In opposition, Plaintiff sets forth two primary arguments: 1) Defendant's Motion to Strike is inapplicable considering the procedural posture, and 2) the disputed documents

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

[2] The Court notes, for clarity, that the improperly relied upon documents will be referred to within as either the "disputed documents" or "disputed pages." Further, in general, courts commonly refer to attached documents as exhibits.

may be relied upon as evidence in her Motion for Summary Judgment. (Doc. 53). The Court, however, disagrees with both of Plaintiff's aforementioned contentions. Accordingly, the Court finds the attachments warrant striking and will delineate its reasoning below.

  1. *Inapplicability of Motion to Strike Under Federal Rules of Civil Procedure 12(f) and 7(a)*

First, Plaintiff suggests that motions for summary judgment are outside the purview of motions to strike under Rule 12(f) upon consideration of Rule 7(a)'s corresponding definition of "pleadings."[3] (*Id.* at pp. 1–3). However, such an argument is irrelevant. Nowhere in Defendant's Motion to Strike is there an indication that Rule 12(f) is the procedural vehicle, or governing legal authority, in which Defendant aims to preclude specified material. (*See generally* Doc. 52). To the contrary, Defendant argues for preclusion of the respective documents pursuant to Rule 37, and tangentially, Rule 26. (*See id.*). Thus, Plaintiff's initial argument is, at best, wholly unpersuasive and, at worst, completely irrelevant. The Court will digress to clearly identify for the parties the applicable governing authority in this matter.

---

[3] To provide context, Plaintiff argues that Rule 12(f) only applies to pleadings, defined according to Rule 7(a) as any of the following: a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and a reply to an answer if court-ordered. FED. R. CIV. P. 7(a), 12(f). However, for the reasons discussed herein, Rule 12(f) does not apply to the situation at bar and thus, neither do the corresponding definitions provided by Rule 7(a). In any event, regardless of the propriety of procedural semantics, the outcome is the same: the disputed documents not produced pursuant to Rule 26 are precluded for purposes of the pending motion for summary judgment and ultimately, would be excluded at trial as well.

4

Essentially, "Rule 37(c) provides the remedy for a party's failure to disclose information required by Rule 26(a)." *Nationwide Ins. Co. of Am. v. Southland Lawn Care, Inc.*, No. 19-CV-1444, 2021 WL 5259853, at *2 (M.D. Fla. Aug. 27, 2021). Rule 37 explicitly states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c).

Accordingly, courts routinely evaluate "motions to strike" a litany of different filings pursuant to other legal standards—not solely pursuant to Rule 12(f) and thus, not contemplated under Rule 7(a). *See, e.g.*, *Berryman-Dages v. City of Gainesville*, No. 10CV177-MP-GRJ, 2012 WL 1130074, at *1 (N.D. Fla. Apr. 4, 2012) (evaluating a motion to strike plaintiff's amended initial disclosures and to exclude evidence for failure to comply with discovery obligations); *Mitchell*, 318 F. App'x at 822–25 (affirming the district court's decision to grant a motion to strike and exclude certain exhibits because plaintiffs had failed to disclose the respective bases for their expert opinions as required pursuant to Rule 26); *Baldeo v. Dolgencorp, LLC*, No. 12-CV-02762, 2014 WL 4749049, at *3 (M.D. Fla. Sept. 23, 2014) (evaluating a motion to strike affidavits in support of a motion for summary judgment according to Rules 26 and 37). Therefore, the Court disregards Plaintiff's attempt to implicate the applicability of 12(f) in a matter in which it simply does not pertain.

> 2.  *Propriety of Reliance on Disputed Documents to Support Plaintiff's Motion for Summary Judgment*

The Court turns to address Plaintiff's subsequent argument that she may rely on the disputed documents in support of her motion for summary judgment because they are "the same" as those produced during discovery. (Doc. 53, pp. 3–5). The Court disagrees—they are not, and thus, she cannot.

In order to evaluate the validity of Plaintiff's contention, the Court must first determine whether violations of Rule 26 have ensued with respect to the disputed documents. FED. R. CIV. P. 26(a), (e); *see Berryman-Dages*, 2012 WL 1130074, at *3. If so, the Court will then assess whether the untimely disclosures were "substantially justified" or "harmless" pursuant to Rule 37. FED. R. CIV. P. 37(c); *Berryman-Dages*, 2012 WL 1130074, at *3–4.

With respect to the preliminary step in the aforementioned analysis, the Rule 26 violation itself remains undisputed. (Doc. 53, pp. 3–5). Plaintiff states the disputed documents attached to her Motion for Summary Judgment "are the same" as those produced in discovery. (*See id.*). To the contrary, however, Plaintiff proceeds to include the caveat that the pages are "*redacted* pages of the *same . . . reports.*" (*Id.* at p. 4 (emphasis added)). Unfortunately, Plaintiff's preferred syntax does not change the implied reality: the redacted pages are, inherently, *not* the same. In fact, the modifier highlights this very fact—the disputed documents relied upon in support of Plaintiff's Motion for Summary Judgment were *redacted* for purposes of discovery. (*See id.*).

6

Moreover, it is not lost on the Court that Defendant claims to have specifically requested "full copies of the [respective] credit disclosures" and all related documents "that would support Plaintiff's claims for damages." (Doc. 52, pp. 4–6). Instead, it appears Plaintiff cherrypicked a fraction of the potentially responsive documents to produce for Defendant, only turning around to rely on those *not* produced in support of her motion for summary judgment. (*Id.*). Nevertheless, such a tactic circumvents the system and will not be tolerated. So, Plaintiff surely may opine—albeit unilaterally—that the difference in the disputed documents, versus those produced during discovery, does not "change or otherwise alter the *information* Plaintiff is relying" upon in support of her Motion for Summary Judgment. (*Id.*). However, Plaintiff is plainly incorrect to purport the disputed pages themselves are the *same* as those previously disclosed when in fact, they are not.[4] (*See id.* at pp. 3–5). Thus, the Court finds Rule 26 has clearly been violated.

Following the determination of a Rule 26 violation, the next inquiry involves whether the failure to disclose the respective information was "substantially justified" or "harmless," reasons which must be established by the nondisclosing party. *See Mitchell*, 318 F. App'x at 824; *Berryman-Dages*, 2012 WL 1130074, at *2. Yet, Plaintiff offers no such justification. Defendant explicitly details the "material prejudice" of the respective omissions, impacting Defendant's ability to

---

[4] The Court also notes that it appears the disputed documents were available to be produced. Plaintiff argues nothing to the contrary.

7

adequately defend itself against Plaintiff's claims and argue its own in its motion for summary judgment. (Doc. 52, pp. 5–8). Defendant is forced to "defend Plaintiff's claim for actual damages, which revolve around her credit reports" without having reviewed them in their entirety, conducted related discovery, or deposed Plaintiff accordingly. (*Id.*). Instead of addressing any substantial justification or harmlessness, Plaintiff cursorily suggests the underlying information is practically the same and "[t]here is simply no way the Defendant is materially prejudiced or harmed." (Doc. 53, p. 5). Consequently, Plaintiff's explanation, or lack thereof, does not satisfy the non-disclosing party's respective burden under Rule 37.

Nonetheless, the Court highlights that "[a] discovery violation is not harmless if the importance of the information at issue and its late disclosure cause[s] prejudice to the opposing party." *Berryman-Dages*, 2012 WL 1130074, at *1; *see Lips*, 350 F. App'x at 340. The documents at issue are various pages of credit reports showing the tradeline in dispute, thus quite possibly integral to this matter. (Docs. 46, 52). Further, as noted above, Defendant indicates the material prejudice such non-disclosures have had on its ability to fully defend its case. (*See* Doc. 52). Plaintiff, on the other hand, argues nothing to sufficiently establish the contrary. (*See* Doc. 53).

In sum, without more, the Court finds Plaintiff has not established "substantial justification" or "harmlessness" with respect to the Rule 26 violation

8

and thus, Plaintiff must be precluded from relying on the disputed documents in support of her Motion for Summary Judgment.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Strike (Doc. 52) is **GRANTED**.

2. The attachments, or exhibits, to Plaintiff's Motion for Summary Judgment are hereby **STRICKEN**.

3. On or before April 20, 2023, Plaintiff may refile the attachments to her Motion for Summary Judgment and only include documents produced during discovery pursuant to Rule 26.

**DONE AND ORDERED** in Orlando, Florida on April 13, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

9