## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

HEIDI REED,

     Plaintiff,

     v.

COMPLETE CREDIT SOLUTIONS,
INC.,

     Defendant.

Case No. 6:21-cv-1276-PGB-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 70), filed August 11, 2023 ("Motion"). Defendant responded in opposition. Dkt. 72. The Motion has been referred to me for a report and recommendation. Upon consideration, I respectfully recommend the Court grant the Motion in part and deny it in part.

## I.  BACKGROUND

On August 9, 2021, Plaintiff initiated this Fair Debt Collection Practices Act ("FDCPA") case against Defendant Complete Credit Solutions, Inc. Dkt. 1. After an Order to Show Cause as to Plaintiff for failure to comply with Federal Rule of Civil Procedure 4(m) (Dkt. 8) and a Motion to Extend the Summons (Dkt. 9), Plaintiff finally served Defendant on February 14, 2022 (Dkt. 14).

Then, on April 26, 2022, another Order to Show Cause as to Plaintiff was entered for Plaintiff's failure to file a Case Management Report within the time required by Local Rule 3.02(b). Dkt. 21. On May 3, 2022, Plaintiff filed her Case Management Report (Dkt. 22), and the Court subsequently entered its Case Management and Scheduling Order on May 6, 2022 (Dkt. 24). From there, the parties proceeded without the need for Court intervention for several months.

Later, on January 26, 2023, Defendant made an offer of judgment in the amount of $2,001.00 and reasonable attorneys' fees and costs to Plaintiff, which Plaintiff rejected. Dkt. 72 at 4.

On February 1, 2023, Plaintiff and Defendant both filed Motions for Summary Judgment (Dkts. 46, 47). Each party filed responses in opposition (Dkts. 48, 49). Defendant then filed a reply (Dkt. 51) and a Motion to Strike (Dkt. 52) on the basis that Plaintiff had relied on documents that were not produced in discovery in support of her Motion for Summary Judgment. On April 13, 2023, the Court granted the Motion to Strike and directed Plaintiff to refile attachments to her Motion for Summary Judgment that were produced during discovery. Dkt. 54. On April 20, 2023, Plaintiff refiled her attachments in compliance with the Court's Order. Dkt. 55.

Then, on May 26, 2023—while the Motions for Summary Judgment were still pending—Plaintiff accepted a renewed offer of judgment made by Defendant in the amount of $2,001.00 and reasonable attorneys' fees and costs

to Plaintiff, pursuant to Federal Rule of Civil Procedure 68. Dkt. 61. Thereafter, the Court entered judgment in Plaintiff's favor and terminated all pending motions. Dkts. 62, 64. In accordance with Local Rule 7.01, on June 13, 2023, Plaintiff moved for entitlement to an award of attorney's fees under the FDCPA's fee-shifting provision, 15 U.S.C. § 1692k(a)(3). Dkt. 65.

On June 27, 2023, I issued a Report and Recommendation recommending that the Court find Plaintiff is entitled to fees and costs pursuant to the FDCPA's fee-shifting provision, 15 U.S.C. § 1692k(a)(3), but as limited to an award of those fees and costs incurred in this action prior to the acceptance of the offer of judgment. Dkt. 67 at 2.

After receiving no objections from either side, on July 12, 2023, the Court adopted and confirmed the Report and Recommendation, and directed Plaintiff to file the instant Motion if the parties could not agree on the amount to which she is entitled. Dkt. 68. In the Motion, Plaintiff is seeking $50,111.50 for attorney's fees and $477.00 for costs. Dkt. 76-1 (stating amount due as $50,111.50); Dkt. 70 at 4. The Motion is ripe for review.

## II.  LEGAL STANDARD

The FDCPA authorizes an award to any successful plaintiff of the costs of the action and a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Even a plaintiff who "wins a nominal amount of statutory damages" is entitled to fees under FDCPA's fee-shifting provision. *Thornton v.*

*Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 164 (11th Cir. Jan. 23, 2008) (per curiam) (citing *Nagle v. Experian Info. Sols., Inc.*, 297 F.3d 1305, 1307 (11th Cir. 2002)). But where a party's entitlement to attorney's fees and costs arises from her acceptance of an offer of judgment under Rule 68 "normal principles of contract law" apply. *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 943 (11th Cir. 2020) ("Rule 68 offers are governed by normal principles of contract law."). "A reasonable attorney's fee, in turn, is calculated 'by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1089 (11th Cir. 2022) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The sum of this calculation is called the "lodestar." *Id.*

## III.  ANALYSIS

### A.    Plaintiff is a prevailing party.

To award fees, the Court must first determine if Plaintiff is a prevailing party. Here, Plaintiff received a judgment in her favor, thereby making her a prevailing party entitled to an award of attorney's fees under the FDCPA's fee shifting provision, 15 U.S.C. § 1692k(a)(3). *See* Dkt. 64; *Thornton*, 312 F. App'x at 164 (citing *Nagle*, 297 F.3d at 1307).

### B.    The requested rates are unreasonable.

Plaintiff's counsel submitted three declarations in support of the Motion. Dkt. 70-1 (declaration of Gary Hansz); Dkt. 70-3 (billing records with rates,

hours, and amounts); Dkt. 76-1 (billing records with task narratives for attorney's fees).[1] Plaintiff is seeking fees for the work performed by five attorneys and two paralegals. Dkt. 70 at 10. Counsel states that the hourly rate for Gary Nitzkin is $425 and he performed 1.4 hours of work, the rate for Carl Schwartz is $450 and he performed 2.4 hours of work, the rate for Gary Hansz is $450 and he performed 56.2 hours of work, the rate for Daniel Brennan is $450 and he performed 21.2 hours of work, and the rate for Mahira Khan is $425 and she performed 18.5 hours of work. *Id.* Counsel also states that the hourly rate for the two paralegals is $160, and Julie McDade performed 3.2 hours of work and Jaime Lopez performed 32.7 hours of work. *Id.*; *see* Dkt. 76-1 (updated billing records show Mr. Hansz's total hours as 56.2, not 54.4, and Ms. Lopez's total hours as 32.7, not 37.7 as detailed in the Motion).

The Court must first determine if the fees sought are reasonable. In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the Court may consider the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Bivins v.*

---

[1] The undersigned notes that Plaintiff filed billing records with the initial Motion (Dkt. 70-2), but Plaintiff was directed to refile the billing records. The records filed with Plaintiff's supplemental notice (Dkt. 76-1) are the records the undersigned analyzes here. The updated records appear to cut out the time billed for clerical staff and include two new line items for the drafting of the two motions for attorney's fees. *Compare* Dkt. 70-3, *with* Dkt. 76-1.

*Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. These factors guide, and are usually subsumed within, the Court's lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

Plaintiff was represented by five attorneys during this case. Gary Nitzkin is the owner of Credit Repair Lawyers of America ("CRLA") and has over thirty years of experience as a civil trial lawyer and representing consumers in consumer credit cases. Dkt. 70 at 7. Mr. Nitzkin charged $425 per hour for his work on this matter. *Id.* Carl Schwartz is an associate attorney with CRLA and has represented consumers in consumer credit cases since 2007. *Id.* Gary Hansz is an associate attorney with CRLA and has over thirty years of civil litigation experience, including consumer credit matters. *Id.* Daniel Brennan was an associate attorney with CRLA before leaving during

this case and has over ten years of civil litigation experience. *Id.* Mr. Schwartz, Mr. Hansz, and Mr. Brennan all charged $450 per hour. *Id.* Mahira Khan was retained by CRLA as local counsel and has almost nine years of civil litigation experience. *Id.* at 8. Ms. Khan charged $425 per hour. *Id.*

Additionally, two paralegals worked on this case. Julie McDade is a paralegal with a degree in legal administration and twenty years of paralegal experience. Dkt. 70 at 11. Jaime Lopez is a paralegal with ten years of paralegal experience in civil litigation. *Id.* Both Ms. McDade and Ms. Lopez charged $160 per hour for their work on this matter. *Id.*

The rates that Plaintiff's counsel and paralegals charged do not necessarily reflect reasonable hourly rates for the Orlando Division of the Middle District of Florida. *See Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (noting that a fee applicant bears the burden of establishing the relevant market rate). "If evidence is inadequate, a court in its discretion may reduce an award, make the award on its own experience without further filings or an evidentiary hearing, or exclude unsupported requests." *Proescher v. Sec. Collection Agency*, 3:17-cv-1052, 2018 WL 3432737, at *10–11 (M.D. Fla. June 8, 2018) (citations and quotation marks omitted), *report & recommendation adopted*, 3:17-cv-1052, 2018 WL 3428157 (M.D. Fla. July 16, 2018).

Here, Plaintiff's counsel does not provide any evidence regarding a typical rate for a FDCPA case in the Middle District of Florida. *See* Dkt. 70 at 8–9. Counsel solely cites to cases in the Southern District of Florida to support their requested rates. *Id.* But "[h]ourly rates that may be reasonable in Miami are not necessarily reasonable in Orlando." *Cook v. Law Offices of Forster & Garbus*, 6:10-cv-934, 2010 WL 4941439, at *3 (M.D. Fla. Nov. 3, 2010), *report and recommendation adopted*, 6:10-cv-934, 2010 WL 4941659 (M.D. Fla. Nov. 29, 2010). The rates requested by all five attorneys—ranging from $425 to $450 per hour—and both paralegals—$160 per hour—are high, and therefore unreasonable, for a FDCPA case in the Middle District. Further, the declaration of Mr. Hansz is filled with the same conclusory statements as in the Motion that are insufficient to support the requested rates. *See* Dkt. 70-1; Dkt. 70 at 7–8. Thus, I will determine reasonable rates based on the nature of this litigation and "the Court's knowledge of the fees customarily charged in this market." *Sheeley v. Advanced Check Processing*, 3:10-cv-231, 2010 WL 4569868, at *3 (M.D. Fla. Sept. 13, 2010), *report and recommendation adopted*, 3:10-cv-231, 2010 WL 4595555 (M.D. Fla. Nov. 4, 2010).

I find Mr. Schwartz, Mr. Hansz, and Mr. Brennan's hourly rate of $450, Mr. Nitzkin and Ms. Khan's hourly rate of $425, and Ms. McDade and Ms. Lopez's hourly rate of $160 to be excessive in this case. In the Middle District, the hourly rates in FDCPA cases typically range from $200 to $350 for

attorneys and $95 to $125 for paralegals. *Thomas v. Everest Receivable Services, Inc.*, 3:18-cv-1285, 2022 WL 19517984, at *9 (M.D. Fla. Dec. 9, 2022), *report and recommendation adopted*, 3:18-cv-1285, 2023 WL 2948616 (M.D. Fla. Feb. 3, 2023) (collecting cases from the Middle District where courts found rates between $200 to $350 per hour to be reasonable for attorneys and $95 to $125 per hour to be reasonable for paralegals, with both ranges being dependent on the years of experience). This was a straightforward case that began with a one count complaint spanning only six pages and ended with an acceptance of an offer of judgment at the maximum statutory award of damages permitted under the FDPCA. *See* Dkts. 1, 61; 15 U.S.C. § 1962(k)(a)(2)(A).

Considering the range of fees awarded in the Middle District for FDCPA cases, the nature of this litigation, and the lack of specific information provided by Plaintiff's counsel to support the higher than usual rates, I recommend reducing all of the requested rates. I recommend finding that $325 is a reasonable hourly rate for Mr. Nitzkin, Mr. Hansz, and Mr. Schwartz's services because two have thirty years and the other has sixteen years of consumer credit experience. *See Thomas*, 2022 WL 1957864, at *9 (finding $325 a reasonable hourly rate for an attorney with thirty years of consumer credit experience); *Johnson v. Critical Resolution Mediation LLC*, 3:16-cv-632, 2017 WL 2590007, at *7 (M.D. Fla. Apr. 24, 2017), *report and recommendation*

*adopted*, 3:16-cv-632, 2017 WL 2578705 (M.D. Fla. June 14, 2017) (finding $325 a reasonable hourly rate for attorneys with sixteen, seventeen, and twenty-four years of experience).

I recommend finding that $250 is a reasonable hourly rate for Mr. Brennan and Ms. Khan's services because each has around ten years of civil litigation—not specifically consumer credit—experience. *See Anderson v. Blueshore Recovery Sys., LLC*, 3:15-cv-338, 2016 WL 1317706, at *6 (M.D. Fla. Feb. 25, 2016), *report and recommendation adopted*, 3:15-cv-338, 2016 WL 1305288 (M.D. Fla. Apr. 4, 2016) (finding $250 a reasonable hourly rate for an attorney with six years of experience exclusively on consumer credit matters); *see also Victor v. Petrousky*, 6:19-cv-788, 2020 WL 7401594, at *5 (M.D. Fla. Nov. 2, 2020), *report and recommendation adopted*, 6:19-cv-788, 2020 WL 7401596 (M.D. Fla. Dec. 1, 2020) (reducing hourly rate from $275 to $225 for attorney with seven years of experience not specifically in consumer credit cases).

I recommend finding that $100 is a reasonable hourly rate for Ms. McDade's services and $95 for Ms. Lopez's services because they have twenty and ten years of paralegal experience, respectively. *See McCray v. Dietsch & Wright*, P.A., 8:18-cv-731, 2020 WL 6565078, at *2 (M.D. Fla. Nov. 9, 2020) ("For paralegals, $95 to $100 per hour has been found reasonable, with a rate of $125 per hour for paralegals with 25 years' experience.").

Based on the above, I find the proposed rates unreasonable and recommend reducing Mr. Nitzkin, Mr. Hansz, and Mr. Schwartz's hourly rates to $325, Mr. Brennan and Ms. Khan's hourly rates to $250, Ms. McDade's hourly rate to $100, and Ms. Lopez's hourly rate to $95.

### C.    The hours sought are also unreasonable.

The Court must then determine whether the hours expended are reasonable. Fee applicants must exercise "billing judgment," meaning they should omit hours that are excessive, redundant, or otherwise unnecessary, regardless of experience or skill. *Barnes*, 168 F.3d at 428. If fee applicants fail to exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the Court must exercise billing judgment for them. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (emphasis in original). The "goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection," and so "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The Court may reduce the number of unreasonably high hours by either conducting an hour-by-hour analysis or by applying an across-the-board cut, but not both. *Bivins*, 548 F.3d at 1352 (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

Plaintiff seeks to recover fees for 135.60 hours[2] allegedly expended in this case. *See* Dkt. 76-1. Defendant seeks a total omission of fees incurred from January 26, 2023 to May 26, 2023[3] and then a forty percent across the board reduction of the remaining fees, or in the alternative, a seventy-five percent across the board reduction of all requested fees. Dkt. 72 at 12–19. I have carefully reviewed counsels' billing entries and am unpersuaded that all hours between January 26, 2023 to May 26, 2023 can be omitted but agree that an across-the-board reduction is warranted.

This matter began with a basic one count complaint and ended with an acceptance of an offer of judgment at the maximum individual award permitted under the FDPCA. *See* Dkts. 1, 61; 15 U.S.C. § 1962(k)(a)(2)(A). In between those two events, discovery was conducted, a mediation was held (Dkt. 44), an offer of judgment was made to Plaintiff (Dkt. 72 at 4), dueling Motions for

---

[2] In the Motion, Plaintiff states she is seeking fees for 97.9 hours of work, but then provides a table that adds up to 138.8 hours. Dkt. 70 at 9–10. The updated billing records (Dkt. 76-1) provide records for 135.60 hours. It is difficult to understand why the basis of the request changed so much from filing to filing. But it did, and for this reason the Court's staff was required to spend considerable time and resources reconciling the different versions of counsels' billing statements. In the end, my analysis and recommendations are based on the updated billing records. Dkt. 76-1.

[3] January 26, 2023, is the date that Defendant made its first offer of judgement in the amount of $2,001.00 and reasonable attorneys' fees and costs to Plaintiff. Dkt. 72 at 4. May 26, 2023, is the date that Defendant made its second offer of judgment to Plaintiff—at Plaintiff's request—in the amount of $2,001.00 and reasonable attorneys' fees and costs to Plaintiff. *Id.* at 5.

Summary Judgment were filed (Dkts. 46, 47), and a Motion to Strike (Dkt. 52) and reply (Dkt. 53) were filed. After the Motion to Strike was granted (Dkt. 54), but before the Motions for Summary Judgment were ruled on, Plaintiff accepted the renewed offer of judgment. *See* Dkts. 61, 62.

### i.   Omitting the time incurred from January 26, 2023 to May 26, 2023 is not warranted.

Defendant argues that the time incurred after the first offer of judgment should be omitted because Plaintiff subsequently accepted the same offer four months later. Dkt. 72 at 13–14. "In determining what fee is reasonable in this circumstance, the district court must take into consideration the amount of the Rule 68 offer, the stage of the litigation at which the offer was made, what services were rendered thereafter, the amount obtained by judgment, and whether it was reasonable to continue litigating the case after the Rule 68 offer was made." *Haworth v. State of Nev.*, 56 F.3d 1048, 1052-53 (9th Cir. 1995).[4]

---

[4] "Although *Haworth* is out-of-circuit and not binding, it appears to be the leading case on this subject and has been cited with approval and relied upon by numerous district courts in the Eleventh Circuit. *See, e.g., Johnson v. Bay Bays Chicken & Waffles, LLC*, 2017 WL 5952895, at \*4 (S.D. Fla. 2017); *Payne v. River Rocks LLC*, 2017 WL 976634, at \*7 (M.D. Fla. 2017); *Klein v. Floranada Warehouse & Storage*, 2016 WL 8671074, at \*3-4 (S.D. Fla. 2016); *Smith v. Werner Enterprises, Inc.*, 2015 WL 7185503, at \*9 (S.D. Ala. 2015); *Brandt v. Magnificent Quality Florals Corp.*, 2011 WL 4625379, at \*6-7 (S.D. Fla. 2011); *Baxter v. Automated Gate Sys., Inc.*, 2011 WL 1790330, at \*5 (M.D. Fla. 2011); *Zelaya v. Pak United, Inc.*, 2011 WL 13174409, at \*3 (S.D. Fla. 2011); *Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC*, 2009 WL 2143628, at \*1 (S.D. Fla. 2009); *DaSilva v. Vozzcom Inc.*, 2009 WL 10667450, at \*4 (S.D. Fla. 2009); *Anderson v. Unum Life Ins. Co. of Am.*, 2007 WL 604728, at \*15

Plaintiff alleged actual damages in addition to statutory damages and statutory costs and attorneys' fees in her Complaint. Dkt. 1 at 5–6. The first offer of judgment did not involve an amount for actual damages and at that stage there was nothing in the record indicating that Plaintiff was precluded from seeking that form of relief. The Motions for Summary Judgment were filed on February 1, 2023—one week after the first offer of judgment was made. *See* Dkts. 46, 47. Based on the forgoing, I find it was not unreasonable for Plaintiff to continue litigating after the first offer was made because actual damages were still on the table and Plaintiff quickly moved for summary judgment after rejecting the offer. *Cf. Valencia v. Affiliated Group, Inc.*, 674 F. Supp. 2d 1300, 1310 (S.D. Fla. 2009) (finding it was unreasonable for Plaintiff to reject Rule 68 offer when offer contained the maximum relief Plaintiff was entitled to because additional relief sought was precluded). Thus, the hours incurred after January 26, 2023, will not be omitted, but as discussed below, a significant percentage reduction is warranted.

---

n.15 (M.D. Ala. 2007); *see also Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1325 (M.D. Fla. 2001) (stating that *Haworth* sets forth 'the appropriate approach')." *Moss v. Pav'r Constr. Inc.*, 3:17-cv-408, 2018 WL 11355922, at *5 n.8 (N.D. Fla. Nov. 2, 2018).

### ii. An across-the-board reduction of 60 percent is warranted.

Here, an across-the-board percentage reduction of 60 percent is appropriate because this was a simple, straightforward case that appears to have been overstaffed, and the request is supported by billing records that are filled with block billing and excessive, disproportionate time spent on internal communications, drafting simple motions, impermissible tasks, and tasks that were required only because of counsel's error.

As discussed, no part of this case was complicated or complex. I can see no reason why this case was staffed by five attorneys. And Plaintiff makes no effort to explain why it was necessary for five different attorneys to work on a case involving straightforward claims. Put simply, there was no need for five attorneys—with almost a hundred years of legal experience between them— and two paralegals to all work on a one count FDCPA case that settled at the maximum statutory damages. There was limited discovery and motion practice. The contrast between the result obtained and the number of hours expended is striking, and it shows a lack of billing judgment that should not be rewarded. *See McCray*, 2020 WL 6565078, at *2 (noting that simple case with ten timekeepers that ended in minimal result showed "a lack of judgment, poor case assessment, and poor common sense.").

Moreover, Mr. Brennan and Ms. Khan's billing entries consistently contain block billing where clerical and legal tasks are both listed. For example, on February 14, 2022, Mr. Brennan block billed 2.60 hours to "Review file and Court ordered deadline to serve Defendant; Various emails and calls with Ivona regarding status of Service on Defendant; Conducted legal research on excusable neglect and Defendant evading service; Prepare Motion to Extend Service and Request for Alternative Service, Affidavit of Ivona Gates; Sent Same to Ivona for signing and filing." Dkt. 76-1 at 3. Similarly, on January 26, 2023, Ms. Khan block billed 3.30 hours to "Review and approve Responses to Discovery Requests; prepare for and attend mediation, as well as draft mediation results; phone call and correspondence with file attorney regarding the same as well as strategy to proceed; correspondence with mediator regarding notice of mediation." *Id.* at 12. Because the entries do not specify how much time was spent on the legal tasks as opposed to the clerical ones, I am unable to deduct for the clerical work with any accuracy.

There are also instances of excessive billing entries. For example, Mr. Hansz billed over fourteen hours for communications with co-counsel, local counsel, and staff. Dkt. 76-1 at 7–20. Although some internal communication is needed and should be compensated, it is hard to understand why a counsel with such experience required so much time to supervise and coordinate a run-of-the-mill case. Fourteen hours claimed for internal communications is

excessive. Similarly, on December 27, 2021, Mr. Brennan charged over three hours to draft and revise a Motion to Extend Summons, a declaration, a response to Order to Show Cause, and conduct legal research on extending time. The response to Order to Show Cause should not be billed at all—as will be discussed more later—but all of those tasks are routine and should not require significant effort on counsel's part. The extension motion is less than four pages of substance, and the declaration is two pages. *See* Dkts. 9, 9-2. Mr. Brennan has over ten years of experience and should be familiar with the legal standard for extending time and should not bill for such elementary research. This too shows a lack of billing judgment.

Further, the billing records show entries for tasks that would not have been needed but for counsels' errors, which adds to the excessiveness of the hours requested. For example, two Orders to Show Cause were entered as to Plaintiff (Dkts. 8, 21) and almost ten hours were billed for reviewing the Orders, responding to the Orders, and reviewing the Orders of Discharge for each (Dkts. 11, 28). *See* Dkt. 76 at 2, 4–6. Similarly, because Plaintiff's counsel impermissibly relied on documents that were not produced in discovery in the Motion for Summary Judgment, counsel then billed over six hours for responding to Defendant's Motion to Strike, which the Court granted. *See* Dkts. 52, 53, 54. It is not reasonable for counsel to ask a party opponent to pay

legal fees for work that could not be charged to a client, such as work required because of counsels' own mistakes.

In sum, this case was overstaffed and overbilled. It is a simple, straightforward case that ended in the maximum statutory recovery, which was first offered four months prior to the ultimate acceptance. There was nothing novel about Plaintiff's claims, nothing unique requiring the specialized skill counsel may possess, or any evidence that counsel was precluded from other employment or that Plaintiff put any time limitations on counsel.

Because of the pervasiveness of issues in the proposed billing records— and because of the inconsistent versions of the hours proffered by counsel—I find that the most just and efficient method of determining the reasonable hours expended is to apply an across-the-board reduction. I find that an across-the-board reduction of 60 percent is reasonable under the circumstances and fairly reflective of the time and effort that it should take to execute a case of this nature. *See McCray*, 2020 WL 6565078, at *4-5 (applying a 65 percent reduction in FDCPA case where it was straightforward, overstaffed, counsel block billed, included clerical tasks, and the result was minor); *see also Thornton*, 312 Fed. App'x at 164-65 (affirming 85 percent reduction in FDCPA case where Plaintiff received nominal statutory damages and had the opportunity to obtain a reasonable settlement earlier in litigation).

- 18 -

**D.     The reasonable attorneys' fees in this case total $13,140.60.**

The chart below reflects the reduced attorneys' fees total based on the above-stated recommendations regarding reducing counsels' requested rates and reducing counsels' requested hours by 60 percent:

| Timekeeper | Requested Rate | Reasonable Rate | Requested Hours | Reasonable Hours | Reasonable Fee |
|---|---|---|---|---|---|
| Gary Nitzkin | $425.00 | $325.00 | 1.4 | 0.56 | $182.00 |
| Gary Hansz | $450.00 | $325.00 | 56.2 | 22.48 | $7,306.00 |
| Carl Schwartz | $450.00 | $325.00 | 2.4 | 0.96 | $312.00 |
| Daniel Brennan | $450.00 | $250.00 | 21.2 | 8.48 | $2,120.00 |
| Mahira Khan | $425.00 | $250.00 | 18.5 | 7.4 | $1,850.00 |
| Julie McDade | $160.00 | $100.00 | 3.2 | 1.28 | $128.00 |
| Jaime Lopez | $160.00 | $95.00 | 32.70 | 13.08 | $1,242.60 |
| | | | | Total: | $13,140.60 |

**E.     The costs are reasonable in part.**

A prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Plaintiff requests an award of $477.00 in litigation expenses, consisting of $402.00 for the filing fee and $75.00 for service of the complaint. Dkt. 70 at 12–13. Both costs are authorized by 28 U.S.C. § 1920. The filing fee is taxable at the amount sought.

The costs for a private process server are also taxable, but only up to a point. Costs for a private process server are permissible "provided the rate charged does not exceed the cost of having a U.S. Marshal effect service." *EEOC v. W & O, Inc.*, 213 F. 3d 600, 624 (11th Cir. 2000). The current rate charged by the U.S. Marshal is $65 per hour (or portion thereof) for each person

served, plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Since the claimed cost for service exceeds that which would have been charged by the Marshal, it should be reduced from $75 to $65.

Thus, I recommend the Court award $402 for the filing fee and $65 for service of the complaint, for a total of $467.00 in costs.

## IV.  CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1.    Plaintiff's Motion (Dkt. 70) be **GRANTED in part** and **DENIED in part**; and

2.    Plaintiff be awarded $13,140.60 in attorneys' fees and $467.00 in costs, for a total amount of $13,607.60.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver

of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

      **Entered** in Orlando, Florida, on February 8, 2024.

                               _____

                                  ROBERT M. NORWAY

                                *United States Magistrate Judge*

Copies to:

Hon. Paul G. Byron

Counsel of Record